UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MERIDIAN INTERNATIONAL CO.,
LTD.,

      Plaintiff,

v.

SK TOOLS USA, LLC,

      Defendant.

Case No. ___4:24-cv-01036___

**Jury Trial Demanded**

## **COMPLAINT**

Plaintiff Meridian International Co., Ltd., by and through its undersigned counsel, brings this action for patent infringement against SK Tools USA, LLC, and alleges as follows:

## **PARTIES**

1.    Meridian International Co., Ltd. ("Meridian") is a corporation organized and existing under the laws of The People's Republic of China having its principal place of business at 1886 Laiyin Road, Songjiang, Shanghai, China.

2.    Defendant SK Tools USA, LLC ("SK Tools" or "Defendant") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 2323 Reach Road, Williamsport, Lycoming County, Pennsylvania 17701.

1

## FACTUAL ALLEGATIONS

### Background of Meridian

3.     Meridian designs and manufactures tools, hardware, and storage and organizational equipment and systems. For more than 30 years, Meridian has served customers around the world in supporting the design, manufacture, and sale of such products.

4.     Meridian is an industry-leading designer and manufacturer of modular storage systems, and provides unique and innovative solutions in the realm of modular storage to meet customer demands.

5.     In connection with its research and development efforts to improve its modular storage systems, Meridian has developed multiple innovative interlocking and latching solutions, including those protected by the valid and subsisting United States patent referenced below.

### Jurisdiction and Venue

6.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., including 35 U.S.C. § 271. This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331, 1338(a).

7.     Personal jurisdiction exists generally over SK Tools because SK Tools is a limited liability company organized under the laws of the State of

Delaware, with its principal place of business in the Middle District of Pennsylvania ("District").

8.     Venue is proper in this Court under 28 U.S.C. § 1391 as well as 28 U.S.C. § 1400(b) because SK Tools resides in the District, where SK Tools is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the District. SK Tools committed at least one act of infringement in this District, and has a physical location in the District from which it conducts business. Furthermore, a substantial part of the events or omissions giving rise to the claims pleaded herein occurred within the District, or a substantial part of property that is the subject of this action is situated within the District.

**The Patent-in-Suit**

9.     Meridian is the owner of the entire right, title, and interest in and to U.S. Patent No. 11,192,689 (the "'689 Patent"), entitled "Stacked Storage Container Latch," which was duly issued by the United States Patent and Trademark Office on December 7, 2021. A copy of the '689 Patent is attached as Exhibit A.

10.    On April 3, 2024, Meridian sent SK Tools actual notice of the '689 Patent. A copy of the notice sent to SK Tools is attached as Exhibit B.

**Defendant's Wrongful Conduct**

11.    SK Tools designs, manufactures, uses, imports, offers for sale, and/or sells modular storage equipment under the SK Tools trade name throughout the United States that directly competes with the offerings from Meridian.

12.    Defendant, under the SK Tools trade name, has been and is currently making, using, offering for sale, importing, selling, distributing, and/or servicing products that infringe at least one claim of the '689 Patent.

13.    Defendant offers for sale certain modular stackable storage boxes that infringe Meridian's rights including, but not limited to, at least SK Tools' Modular Stackable Tool Box line of products, including the storage boxes having product numbers SK03100, SK03101, SK03102, SK03103, SK03014, and SK03105 (collectively the "Stackable Boxes" and each individually a "Stackable Box"). Meridian inspected one or more of these products at the International Hardware Fair in Cologne, Germany, and subsequently purchased an exemplary product from SK Tools' storefront on Amazon.com.

14.    Defendant lists the Stackable Boxes on its website as Modular Stackable Storage Tool Boxes. (*See*, Exhibit C - https://sktools.com/collections/storage-1) (hereinafter "Product Webpage").

15.    The manner of use of the Stackable Boxes is described in SK Tools'
product literature provided with each Stackable Box when it is packaged for sale
(See, Exhibit D) (hereinafter "Product Documentation").

16.    Defendant has directly infringed, contributed to the infringement of,
and/or continues to induce users of the Accused Products, which include but are
not limited to the Stackable Boxes, to infringe, one or more claims of the '689
Patent, by intentionally developing, making, using, marketing, advertising,
providing, sending, importing, distributing and/or selling the Accused product and
accompanying documentation, materials, components, training, or support and
aiding, abetting, encouraging, promoting or inviting use thereof.

17.    The Stackable Boxes include all elements of, for example, claim 1 of
the '689 Patent.

18.    By way of example, claim 1 of the '689 Patent recites "[a] stackable
storage system comprising[] a first storage container configured and arranged to be
selectively connected to a second storage container."

19.    Together, one or more of the Stackable Boxes form a stackable
storage system. (*See*, Figure 1 and Exhibit D, Product Documentation).



**Figure 1**

(*See* Exhibit D). The first storage container (arrow A, Figure 1 above) is configured and arranged to be selectively connected to a second storage container (arrow B, Figure 1 above). Each of the Stackable Boxes is a storage container which is part of a stackable storage system satisfying at least the limitations of claim 1 of the '689 Patent. (*See*, Exhibit C, Product Webpage and Exhibit D, Product Documentation).

20.     Claim 1 of the '689 Patent further recites that "the first storage container comprises of at least one locking groove."

21.     The Stackable Boxes include at least one locking groove (*See,* Figure 2), positioned on a bottom side of the Stackable Boxes.



**Figure 2**

(Image of a Stackable Box) (partially showing the bottom side of the Stackable Box).

22.     Claim 1 of the '689 Patent further recites that "the second storage container comprises a sliding mechanism for selectively engaging the locking groove to connect and hold the first storage container to the second storage container."

23.     The Stackable Boxes also include a sliding mechanism (See, Figure 3). The sliding mechanism is positioned on a top side of the Stackable Boxes.



**Figure 3**

(Image of Stackable Box) (partially showing the top side of the Stackable Box). The notches in the sliding mechanism (arrows, Figure 3 above) mate with the respective one or more locking grooves in a manner that secures the first and second storage containers (or two or more of any of the Storage Boxes) together. (*See* Exhibit D, Product Documentation) (Assembly Instructions indicate that the Storage Boxes are automatically engaged and locked when the Storage Boxes are stacked).

24.     Claim 1 further recites that "a portion of the sliding mechanism extends laterally away from the side surface of the second container when the sliding mechanism is disengaged from the locking groove."

25.     The sliding mechanism of the Stackable Boxes is capable of extending laterally away from the side surface of the second container. (*See*, Figure 4 and Exhibit D, Product Documentation).



**Figure 4**

(*See* Exhibit D). The outward, or lateral, movement of the sliding mechanism is effective to release the sliding mechanism from the one or more locking grooves.

26.    Claim 1 further recites that "the portion of the sliding mechanism is coplanar with the side surface of the second container when the sliding mechanism is engaged with the locking groove."

27.    When the sliding mechanism of the Stackable Boxes is engaged with the one or more locking grooves, the sliding mechanism is in a substantially resting position. (*See* Figure 5 and Exhibit D, Product Documentation).



**Figure 5**

(*See* Exhibit D). In this substantially resting position or engaged position, the outer edge of the sliding mechanism (arrow C, Figure 6 below) is coplanar with the side surface of the Storage Box (arrow D, Figure 6 below).



**Figure 6**

(Image of Stackable Box) (showing side view of the stackable box when the sliding mechanism is in the resting or engaged position).

## <u>COUNT I</u>

### Infringement of U.S. Patent No. 11,192,689

28.     Meridian incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

29.     Defendant has infringed and is currently infringing, literally and/or under the doctrine of equivalents, the '689 Patent by, among other things, making, using, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes that infringe one or more claims of the '689 Patent, including but not limited to the Accused Products.

30.     Defendant also indirectly infringes the '689 Patent in violation of 35 U.S.C. § 271(b) and (c). Defendant induced and is inducing infringement of the

'689 Patent by, among other things, actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere within the United States, without license or authority, the Accused Products, *inter alia*, which fall within the scope of at least claim 1 of the '689 Patent. On information and belief Defendant provides directions, instructions, and/or other materials that encourage and facilitate infringing use by others. Defendant has sold and is selling at least the Accused Products with the knowledge and intent that customers who buy the product will commit infringement by using the product, and, therefore, those customers have been and are directly infringing the '689 Patent.

31.    Defendant has contributorily and is currently contributorily infringing the '689 Patent, in violation of 35 U.S.C. § 217(c), by, among other things, selling, offering for sale, and/or importing into this judicial district and elsewhere in the United States, without license or authority, products, for example, the Accused Products, or components of that product which constitute a material part of the '689 Patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '689 Patent, including but not limited to claim 1, and are not staple articles of commerce suitable for substantial non-infringing use.

32.     Upon information and belief, Defendant has had actual notice of its infringement of the '689 Patent since at least April 3, 2024 due to the notice letter sent from Meridian to Defendant, as evidenced by Exhibit B, but in any event, no later than the date of this Complaint.

33.     Having actual notice of Meridian's patent, the infringement by the Defendant of the '689 Patent continues to be willful and deliberate, and, therefore, Meridian is entitled to damages, including enhanced damages, under 35 U.S.C. § 284.

34.     As a direct and proximate result of the infringement of the '689 Patent by Defendant, Meridian has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law. Meridian also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## **JURY DEMAND**

Meridian requests a jury trial on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Meridian requests that the Court enter the following in its favor and against Defendant as follows:

A.    A judgment in favor of Meridian on all of its claims against Defendant;

B.    A judgment that Defendant has violated 35 U.S.C. § 271 by infringing, directly or indirectly, and literally, or under the doctrine of equivalents, one or more claims of the '689 Patent.

C.    A judgment awarding Meridian damages adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty under 35 U.S.C. § 284, in an amount to be determined at trial;

D.    A judgment that Defendant's patent infringement has been and continues to be willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

E.    A judgment declaring that this is an exceptional case and awarding Meridian its actual costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285;

F.    A judgment that Defendant and its respective officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them are enjoined, preliminarily and permanently, from further infringement of the '689 Patent;

G.    A judgment awarding Meridian pre-judgment and post-judgment interest; and

H.     A judgment awarding such further, equitable or other relief as the

Court deems just and proper.

Dated: June 24, 2024                           Respectfully submitted,

                                               BUCHANAN INGERSOLL & ROONEY PC

                                               By:  /s/Jayson R. Wolfgang
                                               Jayson R. Wolfgang
                                               PA I.D. #62076
                                               Kyle J. Meyer
                                               PA I.D. #307743
                                               409 North Second Street, Suite 500
                                               Harrisburg, PA  17101
                                               (717) 237-4852
                                               jayson.wolfgang@bipc.com
                                               kyle.meyer@bipc.com

                                               *Attorneys for Meridian International Co., Ltd*